1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF WASHINGTON

3

4

5   DOUG WEISS, et al.,

                                    No. CV-05-3007-FVS
6              Plaintiff,

7         v.                        ORDER

8

9   SNOKIST GROWERS,

10             Defendant.

11

12       **THIS MATTER** comes before the Court based upon the plaintiffs'

13   motion to remand.  They are represented by Jeffrey Needle; the

14   defendant by Jeanie R. Tolcacher, Frank D. Davis, and Bryant S.

15   McFall.

16       **BACKGROUND**

17       Doug Weiss, Lee Dohrman and Scott Nedrow were employed at Snokist

18   Growers's cannery in Yakima, Washington, and held positions as Head of

19   the Cookroom (Weiss), Lead Processing Mechanic (Dohrman), and Lead

20   Electrician (Nedrow).  On or about September 24, 2004, employees of

21   the defendant, who were members of the Western Council of Industrial

22   Workers, went on strike.  None of the plaintiffs were members of the

23   union.  During the week of September 24-30, the plaintiffs did not

24   report for work.  Reasons for not working during that week included:

25   not being scheduled, having pre-approved time off, and calling in

26   unable to work.  All plaintiffs were terminated for excessive

ORDER - 1

absenteeism on September 30, 2004.  Plaintiffs filed a complaint in Washington State Superior Court for Yakima County on November 23, 2004, alleging (1) violation of promises of specific treatment laid out in the defendant's Personnel Policy Manual, (2) wrongful discharge in violation of public policy, and (3) violation of Section 49.32.020 of the Revised Code of Washington.  The summons and complaint were served on the defendant on December 7, 2004, and the defendant timely removed the case to federal court on January 5, 2005.  In its Notice of Removal, Ct. Rec. 1, the defendant stated that removal is proper because plaintiffs' claim for relief under RCW 49.32.020 is preempted by 29 U.S.C. § 164(a) and because this Court has original jurisdiction of this matter under the National Labor Relations Act (hereinafter NLRA), 29 U.S.C. § 141 *et seq*.  Plaintiff responded to the Notice of Removal by filing a Motion to Remand to Washington State Superior Court.  (Ct. Rec. 8.)  This Court previously issued an Order (Ct. Rec. 14) allowing for additional briefing on the issue of complete preemption.

**RULING:**

**Removal:**

Snokist filed its Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(a)-(c).  In order for removal to be proper under Section 1441, the complaint must contain a cause of action over which the district court has original jurisdiction.  29 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Federal courts have original

jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of whether or not a claim arises under federal law is made after examining the plaintiff's complaint. *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429. Under the "well-pleaded complaint rule," "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.; see also Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). Here, Snokist contends that the plaintiffs' claims arise under federal law, specifically the National Labor Relations Act, and thus fall within this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Snokist has not argued, and it does not appear, that a federal question appears on the plaintiffs' complaint. Instead, Snokist argues that federal jurisdiction is proper because the plaintiffs' claim under RCW 49.32.020 is completely preempted by the NLRA and provisions contained therein.

**Complete Preemption:**

The doctrine of complete preemption is one of two exceptions to the "well-pleaded complaint rule." *Id.; see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 2063, 156 L. Ed. 2d 1 (2003) ("Beneficial") (stating that a claim can be removed to federal court, though a federal cause of action does not appear on the plaintiff's complaint, when (1) Congress has expressly provided or (2) "a federal statute wholly displaces the state-law cause of action through complete preemption"). The Supreme Court has found complete preemption in only three instances: "(1) § 301 of the Labor

ORDER - 3

Management Relations Act, 29 U.S.C. § 185; (2) § 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85 and 86." *Ansley*, 340 F.3d at 862 (citing *Beneficial*, 539 U.S. at 6-7, 11, 123 S. Ct. at 2062, 2064).  In cases where the Supreme Court has previously found complete preemption, "the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial*, 539 U.S. at 8, 123 S. Ct. at 2063.  The fact that a defendant may be able to raise a defense of preemption to a plaintiff's claims does not provide a proper basis for removal. *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.  Only if Congress intended the statute in question to provide the exclusive cause of action would it be comparable to those statutes that have previously been construed by the Supreme Court as providing a basis for removal because of complete preemption. *Beneficial*, 539 U.S. at 9, 123 S. Ct. at 2064.  In other words, in order for a plaintiff's state-law cause of action to be completely preempted by federal law, the federal law must preempt any claim based on state law *and* provide the exclusive cause of action.  In the time since *Beneficial*, a number of circuits have analyzed cases and particular statutes in order to determine if there is complete preemption. *Compare Ansley*, 340 F.3d at 864 (holding that the district court did not err in remanding the case to state court because "[n]othing in the Parity Act establishes the preemptive force of the Act is so extraordinary that Congress clearly manifested an intent to convert state law claims into federal question claims);

*Lippitt v. Raymond James Fin. Services*, 340 F.3d 1033, 1042 (9th Cir. 2003) (concluding that "the Exchange Act does not create exclusive jurisdiction for any and all actions that happen to target false advertising and deceptive sales practices in the sale of callable CDs"); *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 839 (9th Cir. 2004) (finding "no support for the argument that Congress intended to create federal jurisdiction over a suit by a homeowners association to enforce covenants and restrictions in cases involving television antennas"); *with Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (holding that the Copyright Act completely preempts state law claims because it "lays out the elements, statute of limitations, and remedies for copyright infringement"), *cert. denied*, 125 S. Ct. 1704 (2005); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (holding that "Congress intended for the Carmack Act to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*") (emphasis in original).  In view of the preceding authorities, the critical inquiry in the case at bar is whether Congress intended the NLRA to provide the exclusive cause of action for a wrongful termination claim brought by a supervisor who was terminated for allegedly refusing to report to work when union employees were on strike. *Beneficial*, 539 U.S. at 9, 123 S. Ct. at 2063.  If Congress did, then the cause of action arises under federal law and there is a basis for removal. *Id.*  If Congress did not, then there is no basis for removal because the complaint does not arise under federal law, although the defendant could raise a

federal defense in state court.  *Id.*

In determining whether or not complete preemption is applicable in this case, it is first necessary to determine if there is a federal law that preempts any of the plaintiffs' state law claims.  The defendant has argued that removal is proper because it was not required to treat the plaintiffs the same as other employees under 29 U.S.C. § 164(a).  That section states, in relevant part, that "no employer subject to this subchapter shall be compelled to deem individuals defined herein as supervisors as employees for the purposes of any law, either national or local, relating to collective bargaining." 29 U.S.C. § 164(a).  Defendant has argued that this section preempts any state law claim that plaintiffs wish to bring pursuant to RCW 49.32.020, because the plaintiffs were supervisors at defendant's cannery.[1]

Defendant is correct in asserting that 29 U.S.C. § 164(a) may preempt any state-law cause of action which would lump supervisory employees into the same category as other employees for purposes of collective bargaining.  *Beasley v. Food Fair of North Carolina, Inc.*, 416 U.S. 653, 662, 94 S. Ct. 2023, 2028, 40 L. Ed. 2d 443 (1974).  Employers cannot be compelled to treat supervisors as employees for purposes of collective bargaining, because to do so would put supervisory employees in the position of trying to be loyal to both

---

[1]This Court will not make a determination as to whether plaintiffs were in fact supervisors at defendant's company.  That is a determination properly made by the National Labor Relations Board.  *Local 207, Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers Union v. Perko*, 373 U.S. 701, 706, 83 S. Ct. 1429, 1432, 10 L. Ed. 2d 646 (1963).

the employer and the union. *Id.* RCW 49.32.020 would appear to fall within that category of state laws contemplated in 29 U.S.C. § 164(a). That state statute sets forth a policy whereby an unorganized worker has the freedom to freely associate and choose his or her representative for purposes of collective bargaining. RCW 49.32.020. The statute does not distinguish between supervisory employees or regular employees and appears to afford the same freedom of association/representation to all. *Id.* Given the lack of a distinction between types of employees, this statute is of the type contemplated in 29 U.S.C. § 164(a) and may, therefore, be preempted by federal law. *Cf. St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Government of U.S. Virgin Islands ex rel. Virgin Islands Dep't of Labor*, 357 F.3d 297, 304 (3d Cir. 2004) (holding that the Virgin Islands Wrongful Discharge Act conflicts with the 29 U.S.C. § 164(a) "because it indirectly compels an employer to bargain collectively with supervisors by requiring that an employer who wishes to alter the WDA's grounds for terminating a supervisor enter into a collective bargaining agreement").

The fact that the plaintiffs' claims may be preempted by 29 U.S.C. § 164(a) does not, on its own, provide a proper basis for removal. *Beneficial*, 539 U.S. at 9, 123 S. Ct. at 2063-64 (stating that a statute that preempts any state common law or statutory rule provides the basis for a federal defense) (citing *Caterpillar*, 482 U.S. at 386, 107 S. Ct. at 2425). In order for complete preemption to be present in this case, the NLRA must provide the exclusive cause of action for the plaintiffs' claim. That is just not so in this case.

While the NLRA does state that employers do not have to treat supervisors the same as employees for purposes of collective bargaining, it does not set forth procedures and remedies that might be available to a supervisory employee who wishes to file a claim for wrongful termination. *Beneficial*, 539 U.S. at 8 (stating that complete preemption has only been found when a federal statute provides the exclusive cause of action and sets forth procedures and remedies governing that cause of action). *See also Briarpatch*, 373 F.3d at 305 (concluding that the effect of *Beneficial* was to "extend the complete preemption doctrine to any federal statute that both preempts state law and substitutes a federal remedy for that law" and that the Copyright Act met the new criteria for complete preemption); *Hoskins*, 343 F.3d at 776-778 (holding that the doctrine of complete preemption applies to the Carmack Amendment, because that Amendment was enacted in order to bring uniformity of regulation to the area of interstate commerce over which it controls and the Amendment is the exclusive means by which a cause of action may be brought).

In pleadings submitted to this Court, the defendant has argued that the NLRA provides a remedy for the alleged wrongs committed against the plaintiffs. The defendant cited a number of National Labor Relations Board decisions in which an employer was ordered to reinstate a discharged supervisor and/or provide back pay. *See Dutchess Res. Mgmt., Inc.*, 327 NLRB 508 (1999); *Advertiser's Mfg. Co.*, 280 NLRB 1185 (1986); *H.H. Robertson Co.*, 263 NLRB 1344 (1982); *Parker-Robb Chevrolet. Inc.*, 262 NLRB 402 (1982). Defendant's reliance upon the preceding cases is misplaced. As the cited cases

make clear, the reason that a supervisor may be reinstated and/or awarded back pay is not the result of an unfair labor practice committed against that particular supervisor, but rather because of an unfair labor practice committed against a protected employee. *Dutchess*, 327 NLRB at 513 (holding that reinstatement of a supervisor was proper based upon a finding that an employer "engaged in an unfair labor practice within the meaning of Section 8(a)(1) of the Act by discharging its supervisor for refusing to modify the substance of his version of incidents"); *Parker-Robb*, 262 NLRB at 404 (holding that "the discharge of supervisors is unlawful when it interferes with the right of employees to exercise their rights under Section 7 of the Act, as when they give testimony adverse to their employers' interest or when they refuse to commit unfair labor practices"). A potential remedy for a supervisor, therefore, is predicated on a finding that an *employee's* rights under the NLRA have been violated. The NLRA does not provide an independent and exclusive cause of action for a supervisor who has been terminated. 29 U.S.C. § 152(3) (stating that "[t]he term 'employee' shall include any employee, and shall not be limited to the employees of a particular employer. . ., but shall not include . . . any individual employed as a supervisor"). Section 160 of the NLRA sets forth the procedures that must be followed in bringing a complaint for an unfair labor practice. 29 U.S.C. § 160. Even if this Court were to adopt the defendant's designation of the plaintiffs as supervisors, which this Court is not now willing to do, section 160 would not set forth the exclusive procedures for the plaintiffs' claims, because section 160 would not apply to the

1    plaintiffs.

2         While plaintiffs' claim for relief under RCW 49.32.020 may very

3    well be preempted by federal law, 29 U.S.C. § 164(a), this preemption

4    does not rise to the level of complete preemption, whereby the NLRA

5    would be the exclusive means by which the plaintiffs could seek a

6    remedy.  Absent a finding of unfair labor practice by the defendant

7    against one of its employees, the NLRA does not provide any cause of

8    action to the plaintiffs.  Defendants can raise the defense of

9    preemption in state court, but the availability of this defense does

10   not provide a basis for removal of this action to federal court.

11        **Garmon Preemption:**

12        *Garmon* preemption is a type of preemption frequently raised in

13   labor law cases.  Under this doctrine, "when an activity is arguably

14   subject to section 7 or section 8 of the Act, the States as well as

15   the federal courts must defer to the exclusive competence of the

16   National Labor Relations Board."  *San Diego Bldg. Trades Council v.*

17   *Garmon*, 359 U.S. 236, 245, 79 S. Ct. 773, 780, 3 L. Ed. 2d 775 (1959).

18   The Ninth Circuit has addressed the issue of *Garmon* preemption and has

19   been clear as to the doctrine's meaning and effect.  *Ethridge*, 861 F.2d

20   1389.  The Ninth Circuit has stated:

21        Sections 7 and 8 do not confer original federal court
          jurisdiction over action within its scope; they confer
22        jurisdiction in the first instance upon the National Labor
          Relations Board.  Under principles announced in [*Garmon*], both
23        state and federal courts generally lack original jurisdiction to
          determine disputes involving conduct actually or arguably
24        protected or prohibited by the NLRA.  The Supreme Court has
          considered it essential to the administration of the NLRA that
25        determinations regarding the scope and effect of §§ 7 and 8 'be
          left in the first instance to the National Labor Relations Board.

26
     *Id.* at 1397 (quoting *United Ass'n of Journeymen & Apprentices of*

*Plumbing & Pipe Fitting Indus., Local No. 57 v. Bechtel Power Corp.*,
834 F.2d 884, 886-887 (10th Cir. 1987) (citations omitted), *cert.
denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988)).

A claim of preemption under *Garmon* raises a question of whether
the State or the NLRB has jurisdiction over the dispute. *Id.* at 1399
(quoting *International Longshoremen's Ass'n v. Davis*, 476 U.S. 380,
391, 106 S. Ct. 1904, 1912, 90 L. Ed. 2d 389 (1986)).  When a
defendant raises a claim of preemption under *Garmon*, the claim is
"'that the state court has no power to adjudicate the subject matter
of the case, and when a claim of *Garmon* preemption is raised, *it must
be considered and resolved by the state court.*'" *Ethridge*, 861 F.2d at
1399 (quoting *International Longshoremen's Ass'n*, 476 U.S. at 393, 106
S. Ct. at 1913) (emphasis in original).  The state court is capable of
determining whether or not its has jurisdiction over this matter and
whether the activities at issue fall with in sections 7 and/or 8 of
the NLRA. *Ethridge*, 861 F.2d at 1400-01.  As the Ninth Circuit has
set forth, "state law actions claimed to be preempted by sections 7
and 8 of the NLRA are not removable to federal court." *Id.* at 1400.
Therefore, *Garmon* preemption is not a proper basis for removal of the
plaintiffs' action from Washington State Superior Court to this Court.

**Attorney's Fees:**

In their Motion to Remand this case back to Washington State
Superior Court, the plaintiffs ask this Court to award attorney's
fees.  There is statutory support for this request.  "An order
remanding [a] case may require payment of just costs and actual

expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  A court may choose to award attorney's fees when removal of a case is inappropriate.  *Ansley*, 340 F.3d at 864-65 (finding that the district court did not abuse its discretion in awarding attorney's fees because the "court's finding was not an erroneous view of the law or a clearly erroneous assessment of the evidence").  This is just such a case.

**IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion to Remand (Ct. Rec. 8) is **GRANTED.**

2.  Within ten days of entry of this order, Plaintiffs shall file and serve their request for attorneys fees along with the appropriate documentation and memoranda.

3.  Snokist will have ten days in which to file and serve a response to plaintiffs' request.

4.  Any reply that plaintiffs wish to submit is due within five days of Snokist's filing.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __30th__ day of June, 2005.

         ___s/ Fred Van Sickle___
              Fred Van Sickle
         United States District Judge

ORDER - 12